CARLTON, Justice.
We have for review the following judgment of the Board of Governors of The Florida Bar:
“This cause came on for consideration by the Board of Governors of The Florida Bar upon the report of its duly appointed- referee and the record of proceedings before him.
“After trial, the referee found that the respondent received trust funds in the amount of $33,389.76 from his clients known as The Police Home Foundation Syndicate. Respondent was retained for the purpose of arranging for the conveyance of certain real estate to his clients. The respondent paid himself a $2,000 attorney’s fee which was 10 times greater than the fee to which he was entitled. In addition to this, he unlawfully withheld from his clients trust funds in the amount of $6,401.84 which he converted to his own use.
“The referee further found that the respondent was informed against for grand larceny and pleaded guilty to said charge in the Court of Record in Brevard County. He was found guilty of grand larceny by said court and sentenced to prison for a term of six months to two years. The referee found said conduct to violate the Integration Rule and the canons of Professional Ethics, and recommended that he be disbarred. The Board of Governors concurs in the referee’s findings and recommendations. It is, therefore,
“ORDERED AND ADJUDGED that the respondent be disbárred and that he pay the costs of these proceedings in the amount of $340.85.
“DONE and ORDERED this 1st day of March, 1969.”
Respondent does not contest the judgment, but instead submits that it should be set aside until completion of rehabilita *196 tion proceedings which apparently are currently pending.
We agree with counsel' for The Bar that disbarment is warranted and that our judgment to that effect should not be withheld merely because rehabilitation proceedings have been initiated by respondent. Disbarment and rehabilitation are procedurally independent and should not be considered simultaneously except for the most pressing reasons.
However, while we are not now directly concerned with respondent’s alleged rehabilitation, we do think it advisable to require that the proceedings pending before the referee regarding rehabilitation be completed within forty-five (45) days after the filing of this opinion. Further, we think it is necessary that the referee should complete his report to the Board of Governors with all possible speed for their prompt consideration.
The judgment of the Board of Governors is affirmed.
It is so ordered.
ERVIN, C. J., and THORNAL, ADKINS and BOYD, JJ., concur.