DREW, Justice.
Respondent was disbarred from the practice of law by the judgment of this Court dated October 1, 1969,[1] for activities leading to conviction of grand larceny. This proceeding originated as a disbarment action based upon substantially the same facts which led to respondent’s criminal conviction and disbarment by our October 1, 1969, judgment. The referee to whom the matter was referred by the complainant was informed of the judgment of this Court disbarring respondent during the time the referee had under consideration respondent’s response to the Bar’s notice to show cause, testimony in behalf of respondent offered at a hearing called at respondent’s request, and certain letters in behalf of respondent’s character and rehabilitation offered in evidence at the hearing. After respondent’s disbarment in the separate proceeding the referee considered this matter as if it was for the purpose of determining respondent’s rehabilitation, apparently treating his response as a Petition for Reinstatement pursuant to Rule 11.10 of the Integration Rule of The Florida Bar, 32 F.S.A.
The referee considered testimony of respondent’s supervisor, a vice president of respondent’s employer after respondent’s release from prison; of an attorney and fellow employee of respondent; and of an attorney and personal friend of respondent, in addition to letters of recommendation including one from the chairman of the board of respondent’s employer. In substance the testimony and evidence indicated that because of his financial predicament and emotionally upsetting personal and family situation, respondent, although well intentioned, was unable to resist using available funds belonging to his clients. Since release from prison he has been employed by a reputable national corporation and enjoys the confidence and respect of his superiors and fellows employees.
In his response, respondent acknowledged his continuing legal and moral responsibility to repay the wrongfully converted funds, but stated that he had made no progress to date in doing so because of the inability to practice his profession and obligations to support his daughter by his first marriage and his present wife and daughter.
Based upon the testimony and evidence presented and respondent’s failure to offer further testimony, the referee found that respondent “has not rehabilitated himself *635 sufficiently so as to be capable of carrying out the responsibilities and obligations of an attorney to the public of the State of Florida, and that it is recommended to the Board of Governors that his application for re-admittance be denied.” The Board of Governors of The Florida Bar concurred, recommending dismissal of respondent’s Petition for Reinstatement and that there be no further disciplinary action because of respondent’s previous disbarment. Respondent did not file a Petition for Review in this Court within the allowable time period.
We concur in the recommendation of the Board of Governors that no further disciplinary action is required because of respondent’s prior disbarment by this Court. We also concur with the recommendation that the proceedings be dismissed for failure of respondent to give an adequate showing of rehabilitation. However, these proceedings must be dismissed for a further reason. The procedure for obtaining reinstatement to the Bar is specifically set forth in Rule 11.10 of the Integration Rule of The Florida Bar. This procedure was not followed here. The Rule does not contemplate transformation by a referee on his own initiative of a disbarment proceeding into a reinstatement action. There is no indication that respondent herein has complied with the requirements of that rule, which include the filing of a verified petition for reinstatement accompanied by a deposit in an amount prescribed by the Board of Governors to insure payment of reasonable costs of the proceedings for reinstatement.
For the reasons expressed herein, these proceedings are hereby dismissed, without prejudice to respondent to file a Petition for Reinstatement at such time as the Rules permit. The dismissal of these proceedings shall not be considered an adverse judgment upon a petition for reinstatement as contemplated in Rule 11.10(12) of the Integration Rule relating to successive petitions. Judgment in the sum of $256.50 is hereby entered against the respondent for the cost of these proceedings, for which let execution issue. Payment of said costs shall be a prerequisite to reinstatement.
It is so ordered.
ERVIN, C. J., and CARLTON, ADKINS and BOYD, JJ., concur.

. The Florida Bar v. Scott, 227 So.2d 195 (Fla.1969).